# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JON D. DERREVERE, P.A., DERREVERE,
HAWKES, BLACK & COZAD, ,**

        **Plaintiffs,**

**-vs-**           Case No. 6:10-cv-925-Orl-28DAB

**MIRABELLA FOUNDATION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT BY CLERK ON ACCOUNT STATED FOR "SUM CERTAIN" ($116,166.46) (Doc. No. 21)**
>
> **FILED:** January 21, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff is a law firm suing to collect an account stated from a former client, Mirabella Foundation for fees incurred in defending a lawsuit against Mirabella. Plaintiff now seeks to obtain a final default judgment against Mirabella Foundation pursuant to Federal Rule of Civil Procedure 55(b)(1). Doc. 21. It is respectfully **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment be **GRANTED.**

I. *Procedural History*

On June 14, 2010 Plaintiff filed suit asserting claims against its former client Mirabella Foundation for account stated, arising from Mirabella's failure to pay for legal representation provided by the Plaintiff to Mirabella in the underlying case of *Farhan Naseer v. Mirabella Foundation and Aaron Jimenez*, Case No.: 6:08-CV-1360-0RL-22-KRS (the "Naseer Case"). Doc. 16. In the Naseer Case, the plaintiff sued Mirabella for an alleged fraudulent transfer of certain real property located in Seminole County, Florida, title to which was conveyed to Mirabella by quitclaim deed. Doc. 16. The Plaintiff defended Mirabella and incurred attorney's fees and costs representing. Doc. 16.

On October 4, 2010, the Plaintiff was granted leave to serve Mirabella Foundation through its resident agent in Panama via "another method" in Federal Rule of Civil Procedure 4(f)(2)(C), aside from the Inter-American Convention on Letters Rogatory and Additional Protocol (since Panama is not a signatory to the Hague Convention) or the law of Panama for service. See Doc. 9. The Court granted leave to Plaintiff to serve Mirabella Foundation by International Federal Express, reserving any determination as to whether service is adequate and complies with due process. Doc. 15. Following service on the resident agent, the Plaintiff moved for entry of a default, which the Clerk entered on January 12, 2011. Doc. 20. Plaintiff moved for Default Judgment on January 21, 2011. Doc. 21.

II. *Applicable Law of Service of Process and Defaults*

The district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The Court must confirm that the defaulting defendant was properly served under the Federal Rules of Civil Procedure. Rule 4(h)(2)

states that, for service upon individuals or corporations in a foreign country, Rule 4(f) is the appropriate rule. Fed. R. Civ. P. 4(h)(2). Rule 4(f) reads in pertinent part:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those means authorized by the Hague Convention . . .
> (2) if there is no internationally agreed means of service, or an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; or
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.
> (3) by any other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Other courts have found that the Inter-American Convention's provisions regarding service of process are neither mandatory nor exclusive. *See Paiz v. Castellanos*, Case No. 06-Civ-22046, 2006 WL 2578807, *1 (S.D. Fla. Aug. 28, 2006) (collecting cases applying the Convention). For international service in Panama, parties must follow either: (1) the Inter-American Convention on Letters Rogatory and Additional Protocol[1], since Panama is not a signatory to the Hague Convention; (2) the law of Panama for service; or (3) another method set forth in Rule 4(f)(2)(C).

---

[1] The Inter-American Convention of Letters Rogatory was signed at Panama, January 30, 1975 and amended by the Additional Protocol thereto, signed at Montevideo, Uruguay, on May 8, 1979. Both the United States and Panama are parties to the Convention.

The Plaintiff moved to serve Mirabella Foundation by International Federal Express through its resident agent – the Panamanian law firm of Mendoza, Arias, Valle & Castillo in Panama City, Republic of Panama, who is the resident agent pursuant to Article 5.5, Republic of Panama Law No. 25, as designated in Mirabella's formation papers recorded in the Public Registry of the Republic of Panama; the address for Mirabella was the same as the address for the resident agent: c/o Agustin A. Arias P., Esq., Mendoza, Arias, Valle & Castillo, St. Georges Bank & Co. Building No. 10, 50th & 74th East St., San Francisco, Panama, Republic of Panama[2]. Doc. 14 (Derrevere Aff.).  This address was the same as the one listed on the quit claim deed which was at issue in the Nasser Case. Doc. 14.

Although the Republic of Panama does not recognize a designation of a "Registered Agent for
service of process purposes" as here in the United States, in the Nasser case itself, Mirabella ultimately answered the Amended Complaint which together with the Summons was served upon Mirabella's Resident Agent in the same manner, by the Clerk's dispatch of an alias summons and complaint mailed by private international courier express mail, receipt requested.  Doc. 14.

Federal Rule of Civil Procedure 4(f)(3) allows the Court to authorize any particular method of service of its own choosing, so long as the order does not contradict any applicable international agreement. Fed.R.Civ.P. 4(f)(3).  The Court authorized Plaintiff's proposed service on Mirabella by International Federal Express, which it may do as long as such method is not expressly prohibited by Panamanian law. *See TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690-91 (S.D. Fla. 2010) (holding that the court could authorize proposed alternative methods for service in Honduras because such methods were not expressly prohibited by Honduran

---

[2]The address in Spanish is slightly different.  *See* Doc. 22-1 at 3.

law, even if not expressly authorized under Honduran law); *see also Mainstream Media, EC v. v. Riven,* 2009 WL 2157641, *3 (N.D. Cal. July 17, 2009) (noting that the court had, in an earlier order, directed service via email, international mail, and Federal Express); *Marlabs, Inc. v. Jakher,* 2010 WL 1644041, *4 (D. N.J. Apr.22, 2010) (authorizing service under Rule 4(f)(3) through defendant's attorney); *Chanel, Inc. v. Zhixian,* 2010 WL 1740695, *3 (S.D. Fla. Apr.29, 2010) (authorizing service via email); *compare Prewitt Enters., Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 927 (11th Cir. 2003) (affirming denial of plaintiff's motion for leave to serve the defendant in a manner that was expressly prohibited by Australian law).

Plaintiff served Mirabella with process by use of International Federal Express requiring a signed receipt that was dispatched by the Clerk of the Court. Service was made on October 20, 2010 at 11: 15 a.m. in the Republic of Panama (Doc. 17) upon Mirabella's Resident Agent in the Republic of Panama and identified in Mirabella's recorded formation papers and at the same address as Mirabella had identified as its "domicile." Doc. 14.  On November 18, 2010 Plaintiff filed its Proof of Service with the International Federal Express receipt attached.  Doc. 17-1.

Mirabella Foundation was properly served with a summons and First Amended Complaint, and Mirabella's failure to timely respond to the First Amended Complaint and subsequent entry of default against it served to admit the well pleaded allegations of the First Amended Complaint, including the amount of the account stated.  *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

III.  *Damages*

Under Federal Rule of Civil Procedure 55(b), if a default judgment is sought for a sum certain or for a "sum which can by computation be made certain," the clerk, "upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been

defaulted for failure to appear." FED. R. CIV. P. 55(b).  Under the plain language of Rule 55(b)(1), no further hearing is necessary because Plaintiff seeks a sum certain.

In August 2008, Mirabella contacted Plaintiff seeking the professional legal services of Plaintiff for Mirabella's defense in the Naseer Case. Docs. 16, 20. Plaintiff offered to provide professional legal services to defend Mirabella at an hourly rate of $250.00 per hour for attorney time and $100.00 per hour for paralegal time with an initial retainer of $5,000.00, against which time and costs would be billed monthly; the retainer was to be replenished after fees and costs totaling $3,500.00 were incurred. Docs. 16, 20. Mirabella accepted the offer, paid Plaintiff the retainer of $5,000.00 and Plaintiff vigorously defended Mirabella as to the claims asserted in the Naseer Case. Docs. 16, 20. At all times material, Plaintiff provided Mirabella with descriptive monthly statements of all legal work provided together with the hourly rate attributed thereto and demanded that Mirabella pay the outstanding balance, which now totals $115,816.46. Docs. 16, 20. The account stated by Plaintiff totals $115,816.46 due and owing to the Plaintiff for its representation of Mirabella through April 2010. Docs. 16, 22. Mirabella failed and has refused to pay the Plaintiff for the cost of its defense in the Naseer Case; the payment remains outstanding, due, and owing. Doc. 22. The Plaintiff is also entitled to recover the filing fee cost of $350.00 under Fed. R. 55(b)(1). Doc. 22.

The liquidated "sum certain" amount due and owing Plaintiff from Mirabella since April 2010 is $115,816.46 plus the filing fee cost of $350.00 incurred in this action to for a total sum certain of $116,166.46. Doc. 16; Doc. 22[3]. Plaintiff waives its claim for prejudgment interest. Accordingly, it is respectfully **RECOMMENDED** that a final default judgment be entered in favor of Plaintiff against Defendant Mirabella Foundation in the amount of $116,166.46.

---

[3]The supporting schedules to which Mr. Derrevere's affidavit refers are attached to the First Amended Complaint. Doc. 16.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 26, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy